**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR ALCALA-URVINA, a.k.a. Salvador Urvina, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-74206 <br><br> Agency No. A092-786-651 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Salvador Alcala-Urvina, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  Reviewing for abuse

of discretion, *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*by* 404 F.3d 1105 (9th Cir. 2005), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Alcala-Urvina's motion to reconsider, where the motion failed to identify any error of fact or law in the BIA's prior decision dismissing his appeal. *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider must identify errors of fact or law in a prior decision); *see also Ma v. Ashcroft,* 361 F.3d 553, 558 (9th Cir. 2004).

We lack jurisdiction to review any challenge to the BIA's June 18, 2012, order dismissing Alcala-Urvina's appeal because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) (petitions for review must be filed within 30 days of the final order of removal).

We lack jurisdiction to review Alcala-Urvina's claim that the immigration judge abused her discretion in denying his request for a fourth continuance, because he failed to raise that issue before the BIA in his motion to reconsider and thereby failed to exhaust his administrative remedies. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-74206